IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER,

                Plaintiff,                Case No. 3:03 CV 7699

-vs-

                                            MEMORANDUM OPINION

REASSURE AMERICA LIFE
INSURANCE COMPANY,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 30), Defendant's Opposition and Cross-Motion for Summary Judgment (Doc. 63), Plaintiff's Reply (Doc.68), Defendant's Reply (Doc. 75), Plaintiff's Motion to Strike Defendant's Cross-Motion (Doc. 67), Defendant's Opposition (Doc. 73), and Plaintiff's Reply (Doc. 76). The Court notes diversity jurisdiction under 28 U.S.C. §1332 and proper venue under 28 U.S.C. §1391.

## I. BACKGROUND

After the collapse of two viatical[1] companies, the Receiver, the plaintiff in this case, began salvaging their assets for the benefit of the investors. As part of those attempts, he initiated an array of satellite litigation, including this suit.

This case involves a life insurance policy on one Febus Grunberg. Like many of the policies obtained by the collapsed entities, that policy was a so-called "wet-ink" policy. A wet-ink policy is one transferred immediately following issuance and is usually taken out on someone who expects to die soon; life insurance companies generally consider wet-ink policies to be fraudulent.

---

[1] Viatical companies allow investors to purchase interests in life insurance policies issued on the lives of others.

In contrast, legitimate viatical transactions involve the sale of existing policies so as to improve an insured's final days. The defendant, Reassure America Life Insurance Company ("Reassure"), an Illinois corporation, is the successor to the issuer of the Grunberg policy.

The collapse of the entities in the Receivership started due to embezzlement by the escrow service employed to make premiums payments out of invested funds. Rather than make some of the payments, the escrow service converted the money. As a result, some of the policies lapsed, including the Grunberg policy. As part of his effort to reimburse the Receivership entities' investors, the Receiver has sued issuers of some of the lapsed wet-ink policies, seeking the return of any premiums collected.

## II. STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### III. ANALYSIS

*A. Summary Judgment*

The Receiver seeks recision of the Grunberg policy, asserting that it was void *ab initio*. In the alternative, the Receiver also invokes unjust enrichment. Reassure responds by questioning the Receiver's standing and the validity of the recision claim, invoking the unclean hands defense, and refuting the applicability of unjust enrichment principles. The Sixth Circuit recently addressed each of these issues (standing, recision, unclean hands, and unjust enrichment) in another satellite recision suit from the same Receivership. *Wuliger v. Manufacturers Life Ins. Co. (USA)*, 567 F.3d 787 (6th Cir. 2009) ("*ManuLife*").

First, Reassure asserts that the Receiver lacks standing because he does not represent the investors, but the entities in the Receivership. The Sixth Circuit held that is no bar to standing because the entities could have pursued recision. *Id.* at 793-95. Further, Reassure claims that the Receiver's Complaint may not be read to invoke the claims of the Receivership entities, rather than the investors. Analyzing a nearly[2] identical complaint, the Sixth Circuit stated that the Receiver's comments on the ultimate purpose of the suit was merely "inartful" in stating a claim belonging to the Receivership entities. *Id.* at 796. Given the Sixth Circuit's statement that a nearly identical complaint of the same Receiver satisfied the standing requirement, the Court finds that the Receiver has standing to sue Reassure for recision of the Grunberg policy.

Second, Reassure attacks the Receiver's right to demand recision of the Grunberg policy due to fraud. Reassure asserts that only the insurer may rescind a policy for fraud. The Sixth Circuit stated that, under Ohio law, wet-ink policies are not void *ab initio*, but voidable by the insurer. *Id.* at 797 (citations omitted). Because the Grunberg policy lapsed, Reassure did not need

---

[2] The primary difference between that complaint and the one at issue here is the number of policies at issue. The Receiver used the same language in the pertinent aspects.

to void it. Thus, as Reassure asserts, the Receiver may not sue for recision of the Grunberg policy.[3]

Finally, Reassure refutes the Receiver's unjust enrichment theory stating that the premium payments conferred a benefit on Reassure for which the Receivership entities were not compensated. Reassure primarily rests on a dispute over the issue of the "benefit conferred" element. The Receiver objects to Reassure's evidence in support of this argument.

However, the Court need not consider these issues because both agree on the presence of an express contract governing the disputed "benefit." The Sixth Circuit has stated that, under Ohio law, there can be no unjust enrichment claim for issues governed by an express contract. *Id.* at 799 (quoting *Lehmkuhl v. ECR Corp.*, 2008 WL 5104747 at *5 (Ohio Ct. App. 2008)). Further, the premium payments were "consideration" rather than a "benefit." *Id.* Thus, the Court finds that the Receiver's unjust enrichment claim for the insurance premiums lacks merit.

*B. Motion to Strike*

Over three years passed between the Receiver's Motion for Summary Judgment and Defendant's timely[4] response. As part of that response, Defendant included its own Cross-Motion for Summary Judgment. The Receiver objects to the presence of the cross motion so long after the

---

[3] The Sixth Circuit also rejected the Receiver's responses to the unclean hands defense under *McClanahan v. McClanahan*, 72 N.E.2d 798 (Ohio Ct. App. 1946) (fraud against third parties) and *Scholes v. Lehman*, 56 F.3d 750 (7th Cir. 1995) ("removed wrongdoer"). *ManuLife*, 567 F.3d at 797-98. It stated that *McClanahan* did not apply because "Liberte perpetrated a fraud not just against its investors but also against [the insurer]." *Id.* Further, it found that the Receiver did not present sufficient evidence regarding the removed party to invoke *Scholes*. *Id.* at 798.

[4] After the Court lifted a stay on the proceedings, it ordered Reassure to respond to the Receiver's motion within a set period of time. Reassure did.

original motion deadline and to information used in Reassure's response to the unjust enrichment claim with regard to the "benefit" element.

The Court has broad discretion in imposing sanctions for violations of its scheduling orders. *See In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (broad discretion with sanctions to "insure the expeditious and sound management of the preparation of cases for trial"); *Lindesy v. U.S.*, 693 F.Supp 1012, 1025 (W.D. Okla. 1988) (broad discretion "with a view to [prompt] processing and adjudicating").

In this case, the only result of striking Reassure's cross-motion would be to force another, later filing. The Court has found that the Receiver's claims warrant summary judgment for Reassure and granting the Motion to Strike will only belabor this suit. As such, the Court refuses to sanction Reassure's late cross-motion by striking it; the Court would rather end this case now, rather than force more submissions or even a trial on clear legal issues. Further, because the Court decides the issue of unjust enrichment without regard to Reassure's "benefit" theory, the Receiver's objection to evidence submitted in support of that theory is rejected as moot.

Thus, the Court denies the Receiver's Motion to Strike in the name of judicial economy.

### IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Summary Judgment (Doc. 30) is hereby denied, Defendant's Cross-Motion for Summary Judgment (Doc. 63) is hereby granted, and Plaintiff's Motion to Strike Defendant's Cross-Motion (Doc. 67) is hereby denied.

IT IS SO ORDERED.

                                                         s/ *David A. Katz*
                                                         DAVID A. KATZ
                                                         U. S. DISTRICT JUDGE